**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, | ) | |
| | ) | |
| | ) | |
| 201 Maryland Avenue, NE | ) | |
| Washington, DC  20002 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  18-cv-373 |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **AND INJUNCTIVE RELIEF** |
| 935 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20535 | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of Defendants Federal Bureau of Investigation ("FBI") and the United States Department of Justice ("DOJ") to comply with the statutorily prescribed time periods of the FOIA, and seeking the disclosure and release of agency records improperly withheld by Defendants. In support thereof, Plaintiff alleges and states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

1

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535. Defendant is in control and possession of records sought by Plaintiff.

7.      Defendant DOJ is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530. Defendant is in control and possession of records sought by Plaintiff.

## **FACTUAL ALLEGATIONS**

8.       On September 7, 2017, Plaintiff issued a FOIA request to the FBI requesting "records pertaining to the Federal Bureau of Investigation's (FBI) investigation and decision not to pursue criminal charges against Hillary Rodham Clinton, as announced by former FBI Director, James Comey on July 5, 2016."

9.       Pursuant to DOJ FOIA regulation 28 C.F.R. § 16.3(b), Plaintiff set forth in its FOIA request a background section addressing the date, title or name, author, recipient, and subject matter of the records requested, to the extent known.

10.       Plaintiff identified, in its FOIA request, the specific records it seeks.

11.       In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record."

12.       Plaintiff further specified in its FOIA request the applicable definition of the term "briefing."

13.       Plaintiff specified in its FOIA request that the timeframe of records requested "herein is January 1, 2016 through the date on which the FBI receives this request."

14.       In its FOIA request, Plaintiff requested that the agency support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index.

15.       In its FOIA request, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying the request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees.

16.     Plaintiff sent its FOIA request to the Record/Information Dissemination Section of the FBI.

17.     Upon information and belief, FBI received Plaintiff's FOIA request on September 8, 2017.

18.     By letter dated October 10, 2017, several days *after* the statutory deadline for providing a complete determination as to Plaintiff's request, the FBI granted expedited processing of Plaintiff's FOIA request, which the FBI designated by four separate agency request numbers: 1384692-000, 1384694-000, 1384698-000, and 1384699-000. The FBI did not specify which of Plaintiff's seven paragraphs of specifically requested records are associated with each of the four agency-designated request numbers.

19.     By letter dated October 12, 2017, the FBI notified Plaintiff that records responsive to the portion of Plaintiff's request designated by the agency as Request No. 1384699-000 were being processed, that an interim release of those records was available online in the FBI's FOIA Library (The Vault), and that this portion of the request would remain open while monthly releases of records were placed on the Vault.

20.     By letter dated October 16, 2017, the FBI notified Plaintiff that records responsive to the portion of Plaintiff's request designated by the agency as Request No. 1384698-000 had been processed and made available online in the FBI's FOIA Library (The Vault).

21.     In that same October 16, 2017 letter, the FBI stated that the "available documents represent a final release of information responsive to" Plaintiff's FOIA request.

22.     As of November 21, 2017, Plaintiff had received no response at all concerning the other portions of its FOIA request, designated by the FBI as numbers 1384692-000 and 1384694-000.[1]

23.     On November 21, 2017, Plaintiff submitted an appeal of the FBI's October 16, 2017 determination letter to DOJ's Office of Information Policy. Plaintiff sought expedited processing of its appeal.

24.     In its appeal, Plaintiff took issue with the adequacy of the FBI's search for certain categories of requested records, its withholding of responsive records, and its complete lack of response as to other categories of requested records.

25.     By email dated November 27, 2017, Defendant DOJ granted expedited processing of Plaintiff's appeal, designated by the agency as DOJ-AP-2018-001072.

26.     According to DOJ's FOIA Online webpage, the due date for a determination on Plaintiff's appeal was December 20, 2017.

27.     The phases of an appeal, according to DOJ's website, are "Submitted," "Evaluation," "Assignment," "Processing," and "Closed."

28.     As of the date of filing of this Complaint, according to DOJ's website, Plaintiff's appeal is still only in the "Assignment" phase.

29.     As to the portions of Plaintiff's request designated by the FBI with request number 1384692-000, the FBI did not notify Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of FBI's determination concerning Plaintiff's request and the reasons therefor, of the scope of

---

[1] The portion designated as request number 1384694-000 was subsequently closed based on the FBI's inability to locate responsive records, and was routed instead to the DOJ's National Security Division, according to an FBI letter dated January 7, 2018.

documents FBI determined it would produce or withhold under any FOIA exemptions, or of any unusual circumstances requiring an extension of FOIA's 20-day deadline for providing such information to Plaintiff.

30.     As to the portions of Plaintiff's request designated by the FBI with request number 1384699-000, the FBI did not notify Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of documents FBI determined it would produce or withhold under any FOIA exemptions, or of any unusual circumstances requiring an extension of FOIA's 20-day deadline for providing such information to Plaintiff.

31.     As to the portions of Plaintiff's request designated by the FBI with request number 1384698-000, which Plaintiff appealed on November 21, 2017 (designated by DOJ as appeal number DOJ-AP-2018-001072), Defendant failed to make a determination within 20 days (exception Saturdays, Sundays, and legal public holidays) after receipt of such appeal and has failed to make any such determination to date.

## COUNT I
## Violations of the Freedom of Information Act

32.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

33.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

34.     Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant FBI was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant FBI was also

required to notify Plaintiff immediately of its determination, including the scope of documents it intended to produce or withhold, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

35.     Plaintiff sent its FOIA request to the component Defendant FBI designated by Defendant to receive FOIA requests directed to the agency.

36.     Upon information and belief, Plaintiff's FBI FOIA request was received by the FBI on September 8, 2017.

37.     Pursuant to 5 U.S.C. § 552(a)(6)(A), because no unusual circumstances were cited, the FBI was required to make its determination and provide Plaintiff with the requisite notifications no later than October 6, 2017.

38.     As of the date of filing of this Complaint, with respect to the portions of Plaintiff's request designated by the FBI as request numbers 1384692-000 and 1384699-000, Defendant has failed to provide Plaintiff with all information required by FOIA, including the scope of records Defendant intends to produce, the scope of records it intends to withhold, and/or the reasons for any such determination.

39.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant DOJ was required to make a determination with respect to Plaintiff's appeal (addressing the portions of Plaintiff's request designated by the FBI as request number 1384698-000 and submitted on November 21, 2017) within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays after receipt of such appeal.

40.     As of the date of filing of this Complaint, Defendant DOJ has failed to provide any determination as to Plaintiff's appeal.

41.     Plaintiff has a statutory right to have Defendants process Plaintiff's FOIA requests and appeals in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552.

42.     Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

43.     FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records, whether upon initial request or through failure to make a determination as to an appeal concerning such request. 5 U.S.C. § 552(a)(4)(B).

44.     Through the continued delay of Defendant FBI in responding to Plaintiff's lawful request for records, and Defendant DOJ's delay in responding to Plaintiff's appeal concerning its FBI request, which delays have resulted in improper withholding of requested records, Defendants have failed to comply with FOIA's prescribed deadlines and have violated Plaintiff's statutory rights.

45.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendants failed to provide all required information within the time limits set forth in 5 U.S.C. § 552(a)(6)(A)(i) and (ii), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to both its FOIA request and its appeal concerning the request.

46.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of requested records and failure to respond to Plaintiff's appeal, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

## PRAYER FOR RELIEF

57.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants, and provide Plaintiff with the following relief:

(a)     An Order that Defendant FBI conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b)     An Order that Defendant FBI produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)     An Order that Defendant DOJ provide forthwith a determination as to Plaintiff's appeal submitted on November 21, 2017;

(d)     An Order enjoining each Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(e)     A declaratory judgment that each Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(f)     An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(g)     An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.


Dated: February 19, 2018                  Respectfully submitted,

                                          THE AMERICAN CENTER FOR LAW AND JUSTICE
                                          JAY ALAN SEKULOW
                                            (D.C. Bar No. 496335)
                                          STUART J. ROTH (D.C. Bar No. 475937)
                                          /s/ Carly F. Gammill
                                          CARLY F. GAMMILL (D.C. Bar No. 982663)
                                          ABIGAIL A. SOUTHERLAND (TN Bar No. 026608)
                                          BENJAMIN SISNEY (D.C. Bar. No. 1044721)
                                          201 Maryland Avenue, N.E.
                                          Washington, D.C.  20002
                                          Telephone: (202) 546-8890

Facsimile: (202) 546-9309
E-mail: cgammill@aclj-dc.org
*Counsel for Plaintiff*